UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

URBAN OUTFITTERS, INC.

                       PLAINTIFF,        **ANSWER WITH**
                                                              **AFFIRMATIVE DEFENSES**

vs.

                                                               Civil Action No.: 11-cv-1723

KVM INTERNATIONAL FASHIONS, LTD.
d/b/a CHAUDRY and
KRISHAN K. CHAUDRY
                          DEFENDANTS.
_____

       Defendants KVM International Fashions, Ltd. d/b/a Chaudry and Krishan K. Chaudry, (hereinafter collectively the "Defendants"), by and through their attorneys, Goldberg Segalla LLP, as and for their Answer to the Plaintiff's Complaint, state as follows:

       1.     With respect to the allegations contained in Paragraph 1 of the Complaint, Defendants' state that Plaintiff has instituted this action pursuant to the stated statutory and common law claims and deny the remaining allegations contained in said Paragraph.

       2.     Deny each and every allegation contained in Paragraph 2 of the Complaint.

       3.     Deny each and every allegation contained in Paragraph 3 of the Complaint.

       4.     Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

       5.     Admit each and every allegation contained in Paragraph 5 of the Complaint.

       6.     Admit each and every allegation contained in Paragraph 6 of the Complaint.

       7.     Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph A1 of the Complaint.

       8.     Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph A2 of the Complaint.

9. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph A3 of the Complaint.

10. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph A4 of the Complaint.

11. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph A5 of the Complaint.

12. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph A6 of the Complaint.

13. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph A7 of the Complaint.

14. With respect to the allegations contained in Paragraph B8 of the Complaint, Defendants' state that insofar as KVM is a clothing distributor that does not manufacture clothing and deny the remaining allegations contained in said Paragraph.

15. With respect to the allegations contained in Paragraph B9 of the Complaint, Defendants lack knowledge and information as to a specific booth being referenced due to lack of details as to the time and location.

16. Deny each and every allegation contained in Paragraph B10 of the Complaint.

17. Deny each and every allegation contained in Paragraph B11 of the Complaint.

18. Deny each and every allegation contained in Paragraph B12 of the Complaint.

19. Deny each and every allegation contained in Paragraph B13 of the Complaint.

20. Deny each and every allegation contained in Paragraph B14 of the Complaint.

21. Deny each and every allegation contained in Paragraph B15 of the Complaint.

22. With respect to the allegations contained in Paragraph B16 of the Complaint, Defendants admit insofar as a manner references Plaintiff's allegations appears to the designated docket number.

23. Deny each and every allegation contained in Paragraph B17 of the Complaint.

24. Deny each and every allegation contained in Paragraph B18 of the Complaint.

25. Deny each and every allegation contained in Paragraph B19 of the Complaint.

26. Repeat and reallege each of the responses to paragraphs 1 through 25 above as if fully set forth herein.

27. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

28. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

29. Deny each and every allegation contained in Paragraph 23 of the Complaint.

30. Deny each and every allegation contained in Paragraph 24 of the Complaint.

31. Deny each and every allegation contained in Paragraph 25 of the Complaint.

32. Deny each and every allegation contained in Paragraph 26 of the Complaint.

33. Deny each and every allegation contained in Paragraph 27 of the Complaint.

34. Deny each and every allegation contained in Paragraph 28 of the Complaint.

35. Deny each and every allegation contained in Paragraph 29 of the Complaint.

36. Repeat and reallege each of the responses to paragraphs 1 through 35 above as if fully set forth herein.

37. Deny each and every allegation contained in Paragraph 30 of the Complaint.

38. Deny each and every allegation contained in Paragraph 31 of the Complaint.

39. Deny each and every allegation contained in Paragraph 32 of the Complaint.

40. Deny each and every allegation contained in Paragraph 33 of the Complaint.

41. Deny each and every allegation contained in Paragraph 34 of the Complaint.

42. Repeat and reallege each of the responses to paragraphs 1 through 41 above as if fully set forth herein.

43. Deny each and every allegation contained in Paragraph 36 of the Complaint.

44. Deny each and every allegation contained in Paragraph 37 of the Complaint.

45. Repeat and reallege each of the responses to paragraphs 1 through 41 above as if fully set forth herein.

46. Deny each and every allegation contained in Paragraph 39 of the Complaint.

47. Deny each and every allegation contained in Paragraph 40 of the Complaint.

48. Deny each and every allegation contained in Paragraph 41 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS SET FORTH:**

49. The Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS SET FORTH:**

50. Plaintiff does not own any copyright registrations in the designs at issue.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS SET FORTH:**

51. Plaintiff's failure to obtain copyright registrations before commencing this action precludes its claims.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS SET FORTH:**

52. Plaintiff has failed to state a cause of action under the Copyright Act.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS SET FORTH:**

53. Plaintiff has failed to state a cause of action under the Lanham Act.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS SET FORTH:**

54. Plaintiff's bags have not acquired a secondary meaning.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS SET FORTH:**

55. That bags identified by Plaintiff as supposedly infringing its trademarks do not feature a trademark designation.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS SET FORTH:

56. That designs on Plaintiff's bags are not inherently unique or distinctive.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS SET FORTH:

57. Plaintiff's alleged bags are unprotectible as a matter of law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS SET FORTH:

58. Plaintiff's use of the elements comprising the bags at issue is not exclusive to Plaintiff.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS SET FORTH:

59. Upon information and belief, Plaintiff's bag designs are in the public domain and do not constitute copyrightable subject matter.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS SET FORTH:

60. Plaintiff's bag designs feature solely ideas and themes not subject to copyright protection.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS SET FORTH:

61. Plaintiff's lack of registration deprives it of any entitlement to statutory damages or attorneys' fees.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's Complaint in its entirety together with such other and further relief the court finds just and proper including the costs and disbursements associated with the defense of this action.

GOLDBERG SEGALLA LLP


 /s/Christopher J. Belter
Christopher J. Belter
665 Main Street, Suite 400
Buffalo, New York  14203
cbelter@goldbergsegalla.com
Telephone:  (716) 566-5400
Facsimile:  (716) 566-5401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

URBAN OUTFITTERS, INC.

                   PLAINTIFF,         **CERTIFICATE OF SERVICE**

vs.

                                               **Civil Action No.: 11-cv-1723**

KVM INTERNATIONAL FASHIONS, LTD.
d/b/a CHAUDRY and
KRISHAN K. CHAUDRY
                   DEFENDANTS.
_____

      I hereby certify that on May 6, 2011, I electronically filed the foregoing *Answer with Affirmative Defenses* with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

                                 Gregory P. Gulia
                                 Vanessa Hew
                                 R. Terry Parker
                                 Duane Morris LLP
                                 1540 Broadway
                                 New York, NY 10036


Dated:  Buffalo, New York
          May 6, 2011


                                                      /s/ Christopher J. Belter
                                                       Christopher J. Belter