*Koeltl/5*

DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, New York 10036-4086
(212) 692-1000
Attorneys for Plaintiff

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/7/11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
URBAN OUTFITTERS, INC.,

      Plaintiff,         Civil Action No. 11-cv-01723 (JGK)

   -against-            ECF CASE

KVM INTERNATIONAL FASHIONS, LTD.
d/b/a CHAUDRY and
KRISHAN K. CHAUDRY

      Defendants.
-----------------------------------------------------------X

## [PROPOSED] STIPULATED PROTECTIVE ORDER

  **IT IS HEREBY ORDERED** that any person subject to this Order—including, without limitation, the parties to this action or any related action between the parties, their representatives, agents, experts, consultants, all third parties providing discovery in this action or any related action between the parties, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms.

  1. This Order applies to all documents, information, tangible items and testimony disclosed by a party or by a third party ("Disclosing Party") in the course of this litigation and

any related litigation between the parties. Such documents, information, tangible items, and testimony shall be used solely for the purpose of preparation and trial of this litigation or related litigation between the parties and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. The terms "Confidential Information" and "Highly Confidential Information" are intended to mean information that has not been made public by the Disclosing Party and that a Disclosing Party regards as proprietary, including, but not limited, to trade secrets and confidential financial information or other proprietary business or technical information related to its business, or similar information related to the business of another, which the Disclosing Party is under a duty to maintain confidential.

3. A Disclosing Party may designate as "Confidential" any documents, testimony or other discovery material that contains Confidential Information. "Confidential Materials" as used in this Order shall refer to any testimony or other discovery material designated as "Confidential," and all copies thereof, and shall also refer to the information contained in such materials. No designation of confidentiality shall be made unless counsel of record believes in good faith that the designated materials are entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

4. Confidential Materials shall be maintained in confidence by the party to whom such materials are produced or given, shall be used solely in connection with this action or any related action between the parties and shall not be disclosed to any person except:

(a) the Court and its officers;

(b) counsel of record and their support staff;

(c) the owners, officers, and employees of each party who are actively assisting in the above-captioned litigation or related litigation between the parties;

(d) outside experts engaged by counsel to assist in the above-captioned litigation or related litigation between the parties;

(e) any person who is identified on the face of a confidential document as an author, addressee, or recipient of the document; and

(f) any court reporter or typists recording or transcribing testimony.

5. A Disclosing Party may designate as "Highly Confidential" any highly confidential material, documents, testimony or other discovery material that contains trade secrets or proprietary competitive information including, but not limited to, business plans and product development information, if that disclosure is likely to cause serious competitive harm to the producing party. "Highly Confidential Material" shall refer to any document, testimony, or other discovery material designated as "Highly Confidential" and all copies thereof, and shall also refer to the information contained in such materials. No designation shall be made unless counsel of record believes in good faith that the designated materials are entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

6. Highly Confidential Material shall be maintained in confidence for use by litigation counsel who must have access to such documentation solely for use in connection with this action or a related action between the parties and shall not be disclosed to any person except:

(a) the Court and its officers;

(b) counsel of record and their support staff; and

(c) outside experts engaged by counsel to assist in this litigation or a related litigation between the parties

(d) any person who is identified on the face of a confidential document as an author, addressee, or recipient of the document; and

(e) any court reporter or typists recording or transcribing testimony.

7. Persons identified in Paragraphs 4 (c) – (d) and 6(c) who receive Confidential Information or Highly Confidential Information shall be provided by the party disseminating such information with a copy of this Order and shall execute an Acknowledgment, in substantially the form attached hereto as Exhibit A, prior to receipt of any Confidential Materials or Highly Confidential Materials, affirming that they have reviewed such Order and agree to be bound by it. Under no circumstances shall Confidential Information or Highly Confidential Information be disclosed to any person who refuses to execute an Acknowledgment.

8. Testimony at a hearing or deposition may be designated as Confidential or Highly Confidential by making a statement to that effect on the record at the hearing or deposition, or in writing to counsel of record after the hearing or deposition but no later than fourteen (14) days after receipt of the transcript of that testimony. A party designating hearing or deposition testimony as Confidential or Highly Confidential shall have such designation imprinted on the cover of the transcript for such hearing or deposition. Moreover, the designating party shall request that separate transcripts be provided for the Confidential and Highly Confidential portions of the transcript. If testimony at a hearing or deposition is designated Confidential or Highly Confidential, only those persons who may have access to such information, under the terms of this Order, may be in attendance to hear testimony.

9. Nothing in this agreement shall be taken as indicating that any particular discovery materials are in fact Confidential or Highly Confidential or entitled to confidential treatment. Each party agrees that if it designates information or documents as Confidential or Highly Confidential and any other party objects in writing that the designation is not warranted

or justified as to all or any part of the information or documents, then within three (3) days of written objection the designating party shall confer in good faith, in person or by telephone, with the objecting party to reconsider the challenged designation. If after conferring, the parties are unable to reach agreement as to the challenged designation, then the objecting party may file a motion for a determination by the Court as to the unresolved objections and the appropriateness of the challenged designation. If the objecting party does not file a motion for a determination within three (3) days of the parties' Conference regarding the challenged designation, and, unless otherwise ordered by the Court, the challenged designation shall stand. The designating party shall have the burden of proving the propriety of the challenged designation. The provisions of Rule 26 and 37 of the Federal Rules of Civil Procedure shall apply by determining the award, if any, of the prevailing party's reasonable expenses incurred in connection with such a motion.

10. Should any party to this litigation obtain documents or information from a third party, by subpoena or otherwise, which contains, or can reasonably be assumed to contain, Confidential Information or Highly Confidential Information of a party to this litigation, such documents or information shall be treated by the receiving party as Confidential Information or Highly Confidential Information under this Order, unless expressly released in writing by the party which is the owner of such Confidential Information or Highly Confidential Information or otherwise ordered by the Court.

11. No Confidential Material or Highly Confidential Material shall be filed in the public record of this action. All material so designated in accordance with the terms of this Stipulated Protective Order that is filed with the Court, and any pleadings, motions or other paper filed with the Court disclosing any such material, shall be filed in a sealed envelope and

kept under seal by Clerk of this Court until further order of the Court. To facilitate compliance with this order by the Clerk's office, material filed under the designations Confidential or Highly Confidential shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

12. If Confidential Information, Confidential Materials, Highly Confidential Information or Highly Confidential Materials are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the Disclosing Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. The inadvertent or unintentional failure to designate materials or information as Confidential or Highly Confidential shall not be deemed a waiver in whole or in part of a Disclosing Party's claim of confidential treatment under the terms of this Stipulated Protective Order. If a document, transcript, or thing is produced for which the designation Confidential or Highly Confidential is lacking but should have appeared, the Disclosing Party may restrict future disclosure of the document, transcript, or thing in accordance with this Stipulated Protective Order by notifying the receiving party in writing of the change of such restrictive designation with respect to the document, transcript or thing upon learning of such inadvertent disclosure. If the disclosing party does notify the receiving party that a document, transcript, or thing was produced for which the designation Confidential or Highly Confidential Information was lacking

but should have appeared, the receiving party must provide a list of the individuals to whom the Confidential or Highly Confidential Information was disclosed and who are not qualified persons as designated above in paragraphs 4 and 6 ("Improper Recipients"). The retrieving party shall ensure that any Confidential or Highly Confidential Information disclosed to Improper Recipients is retrieved from all Improper Recipients.

14. If a party unintentionally discloses documents that it believes in good faith are not subject to disclosure because they are protected by attorney/client privilege or work product immunity, such inadvertent disclosure shall not constitute a waiver of the work product doctrine or attorney-client privilege and the receiving party shall immediately return such documents and all copies thereof to the disclosing party within two (2) days of written notice of such inadvertent disclosure.

15. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence.

16. Nothing in this Order shall prohibit a Disclosing Party from using or disclosing its own Confidential Material or Highly Confidential Material.

17. Except in accordance with the terms of this Order, all Confidential Material or Highly Confidential Material shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure thereof. At the conclusion of this case, all Confidential Material or Highly Confidential Material produced by a Disclosing Party, and all copies thereof, shall be returned to that party, or counsel of record shall certify in writing that such material has been destroyed. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

18. Nothing in this order shall preclude any party, or any other person who is bound by this Order, from utilizing information that was known to or possessed by the party or other person before the party or other person became bound by this Order, or which comes into the party's or other person's possession outside of the discovery process in this action. Any such use of such information shall not constitute violation of this Order. Each party retains the right to pursue any claim or defense it may have against any other party arising from such use of such information.

19. Documents and information disclosed in this case prior to the entry of this Order shall be treated in the same manner as if the Order were already entered.

20. Each party may propose modifications to this Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Order upon motion made to the Court.

17. Each party and person affected by this Order hereby agrees to the jurisdiction of the state or federal courts in New York for any matter relating to the enforcement of any term or provision herein.

Respectfully submitted by:

| PLAINTIFF URBAN OUTFITTERS, INC. | DEFENDANTS KVM INTERNATIONAL FASHIONS, LTD d/b/a CHAUDRY and KRISHAN K. CHAUDRY |
|---|---|
| By _____ | By _____ |
| Gregory P. Gulia | Christopher J. Belter |
| Vanessa C. Hew | |
| R. Terry Parker | |
| DUANE MORRIS LLP | GOLDBERG SEGALLA, LLP |
| 1540 Broadway | 665 Main Street, Suite 400 |
| New York, New York 10036-4086 | Buffalo, New York 14203 |
| Phone: (212) 692-1000 | Phone: (716)566-5400 |

IT IS SO ORDERED: _____   Dated: 7/6/11
U.S.D.J.

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend the Order at any time.

So ordered.
7/6/11
U.S.D.J.

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the attached Stipulated Protective Order and that he/she fully understands and agrees to abide by the obligations and conditions thereunder; that he/she subjects himself/herself personally to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of proceedings relating to his/her performance under, compliance with, or alleged violation of this Stipulated Protective Order.

Dated: _____

_____
(Signature)

_____
(Title or Position)