DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ANTHROPOLOGIE, INC. and U.O.D.,                 :
                                                :      Civil Action No. 04-CV-6900
                       Plaintiffs,              :
                                                :
       -against-                                :
                                                :      ECF CASE
                                                :
KVM INTERNATIONAL FASHIONS, LTD.                :
d/b/a CHAUDRY and                               :
KRISHAN K. CHAUDRY                              :
                                                :
                       Defendants.              :
---------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE
CONSENT JUDGMENT**

**PRELIMINARY STATEMENT**

Defendants'[1] opposition papers are notable for never once denying that they infringed Urban Outfitters' intellectual property rights. Rather, Defendants attempt to divert the Court's attention with a slew of baseless accusations that run the gambit from asserting frivolous claims, to violating Defendants' constitutional rights, and, finally, to Urban Outfitters being a "serial infringer."

Despite Defendants' efforts to distract this Court, the critical facts in this case are simple. In 2004, the plaintiffs Anthropologie, Inc. and U.O.D. Inc. ("Plaintiffs"), predecessors in interest to Urban Outfitters, discovered Defendants selling and distributing numerous skirts that were identical to original copyrighted skirts that were created by Plaintiffs. Plaintiffs initiated a lawsuit asserting various claims of copyright infringement and unfair competition against Defendants. In response to the lawsuit, Defendants assured Plaintiffs that the infringement was unintentional and agreed to cease their acts of infringement and unfair competition. Swayed by Defendants' protestations of innocence and their assurances, Plaintiffs agreed to resolve the lawsuit provided that Defendants agree to the entry of the Consent Judgment and the payment of liquidated damages and attorneys' fees should Defendants infringe Plaintiffs' intellectual property rights in the future. Now, Urban Outfitters, the successor in interest to Plaintiffs, has discovered Defendants are once again infringing its intellectual property rights, this time by manufacturing, distributing, and selling Anthropologie Bags and marketing them under Defendants' Chaudry brand.

Accordingly, Urban Outfitters moves this Court to enforce the Settlement Agreement and the Consent Judgment. Having clearly breached the Settlement Agreement and lacking any real defense, Defendants attempt to diminish their most recent acts of infringement by self-servingly

---

[1] Unless otherwise indicated, capitalized terms retain the definitions set forth in Urban Outfitters' opening brief.

claiming that Urban Outfitters has suffered no real damage. However, this Court should not be diverted, nor swayed by these self-serving justifications, and should enforce the Settlement Agreement and the Consent Judgment, which were negotiated and agreed to by the parties in contemplation of the very set of facts at issue in this dispute.

## ARGUMENT

**I.   THE SETTLEMENT AGREEMENT COVERS THE INFRINGEMENT OF URBAN OUTFITTERS' COPYRIGHTED HANDBAG DESIGNS**

"The cardinal principle for the construction and interpretation of . . . contracts . . . is that the intention of the parties should control." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 125 (2d Cir. 2006)(internal quotation marks omitted).

Hew Decl. ¶ 4, Ex. 1 (emphasis added).

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

Defendants' proposed interpretation violates a clear principle of contract law, namely: "[a] reading of the contract should not render any portion meaningless." *See Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324, (2007) (citing cases); *Lawyers' Fund for Client Protection of State of New York v. Bank Leumi Trust Co. of New York*, 94 N.Y.2d 398, 404 (2000) (interpretation which renders contractual language superfluous is "unsupportable under standard principles of contract interpretation"). ████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

Moreover, to resolve a purportedly ambiguous term in a contract, "courts look to the acts and circumstances surrounding execution of the ambiguous term to ascertain the parties' intent." *Roberts v. Consolidated Rail Corp.*, 893 F.2d 21, 24-25 (2d Cir. 1989). Indeed, where negotiation history shows terms were unacceptable, courts must not read the rejected terms into the contract and must "protect the bargain that was made by the parties." *Pantone, Inc. v. Esselte Letraset, Ltd.*, 691

3

F. Supp. 768, 777 (S.D.N.Y. 1988).  In the instant case, the very term proposed by Defendants was rejected during the negotiations between the parties.

▮

Indeed, Defendants' reliance on *Actrade Fin. Tech., Ltd. v. Greenwich Ins. Co.*, 424 B.R. 59, 69 (S.D.N.Y. Br. 2009), and *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 263 (6th Cir. 1988), is misplaced as both cases concern the interpretation of a release provision and "a release may not be read to cover matters which the parties did not desire or intend to dispose of."  *Consol. Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639, 647 (S.D.N.Y. 2004).  ▮

4

Defendants' cases are further distinguished because these cases concerned parties attempting to apply general release language to claims that were clearly not contemplated at the time of contract. Accordingly, in both *Actrade* and *Forry*, the courts held that the clauses at issue did not apply to claims that were not contemplated at the time of, nor referenced in, the contract. ▌

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████

Similarly, Defendants' reliance upon *Aramony v. United Way of America*, 254 F.3d 403, 413-14 (2d Cir. 2001), and *New York v. Saint Francis Hosp.*, 289 F. Supp. 2d 378 (S.D.N.Y. 2003), is also grossly misplaced. In *Aramony*, the parties executed a replacement benefit plan ("RBP") to restore benefits lost as a result of § 415 of Internal Revenue Code and the Second Circuit held that the RBP did not encompass the losses resulting from § 401(a)(17) as there was no mention of § 401(a)(17) in the agreement. ████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████

Indeed, Defendants' own case *New York v. Saint Francis Hosp.*, 289 F. Supp. 2d 378 (S.D.N.Y. 2003), supports Urban Outfitters' interpretation of the Settlement Agreement. In *Saint Francis Hospital*, a defendant argued that the plain language of a consent judgment prohibited payment of certain claims. *Id.* at 385. However, the court held that the consent judgment encompassed the claims at issue because, while the claims were not expressly mentioned in the consent judgment, they fell within the general categories referenced therein. *Id.* ████████████
████████████████████████████████████████████████████████████████

5

██████████████████████████████████████████████████████
████████████████████

Indeed, courts routinely interpret settlement agreements to encompass later claims of infringement.  See, e.g., *Golden Bay Enters. v. Walmart Stores, Inc.*, No. 00-CV-697, 2008 U.S. Dist. LEXIS 75744, at *6-*10 (E.D.N.Y. Sept. 30, 2008) (applying settlement agreement to later patent rights, i.e., "those not held at the time of settlement."); see also *Montblanc-Simplo GmbH v. Aurora Due S.r.L.*, 363 F. Supp. 2d 467, 485 (E.D.N.Y. 2005) (applying settlement agreement to later infringement claims).

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████

## II.   THE LIQUIDATED DAMAGES CLAUSE IS ENFORCEABLE AND ENFORCEMENT IS PROPER

The liquidated damages provision that the parties agreed to is not a penalty.  Liquidated damages are not penalties if they bear a "reasonable proportion to the probable loss and the amount of actual loss is incapable . . . of precise estimation." *Leasing Service Corp. v. Justice*, 673 F.2d 70, 73 (2d Cir. 1982).  In making such a determination, the court must also give due consideration to "whether the parties were sophisticated and represented by counsel, the contract was negotiated at arm's length between parties of equal bargaining power, and . . . that the provision was freely contracted to."  *The Edward Andrews Group, Inc. v. Addressing Servs. Co., Inc.*, No. 04 Civ. 6731, 2005 U.S. Dist. LEXIS 30125, at *18 (S.D.N.Y. Nov. 30, 2005).

First, Defendants do not deny the Settlement Agreement is the product of arms-length negotiations between sophisticated parties represented by counsel.  Defendants instead attempt to circumvent the plain language of the liquidated damages provision by claiming that it constitutes a penalty.  However, Defendants have failed to demonstrate that damages from their breach of the Settlement Agreement were readily ascertainable at the time the parties entered into the Settlement Agreement or were disproportionate to the *probable* loss.  ██████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████ Furthermore, in cases of intellectual property infringement, courts consistently find that the reputational damage is impossible to quantify.  *L&L Wings, Inc. v. Marco-Destin Inc.*, 756 F.Supp.2d 359,  (S.D.N.Y. 2010) ("potential harm to plaintiff's reputation and goodwill…would be nearly impossible to quantify at the time the agreement was signed.").

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████. *See, e.g., Bear U.S.A., Inc. v. JooAn, Co.*, No. 98-CV-7649, 2001 U.S. Dist. LEXIS 637, 363 (S.D.N.Y. Jan. 25, 2001) (awarding treble damages of $1,567,485 and punitive damages of $500,000 for trademark infringement and unfair competition). ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

This is irrelevant.  Courts look at the amount of probable loss at the time of contract, not actual loss

7

at the time of the breach. *See L&L Wings,* 756 F.Supp.2d 359 at 364 ("The reasonableness of the liquidated damages must be measured as of the time the parties enter the contract, not as of the time of the breach."). Each of the cases cited by Defendants follows this steadfast principle. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ "As a general matter, the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights." *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (U.S. 1988) (citation omitted). "[L]iability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172 (1961). Defendants' case *State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 416-17 (2003), is clearly inapposite because that case concerned the imposition of punitive damages by the judicial branch of the government. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

8

**III.    URBAN OUTFITTERS' COPYRIGHT INFRINGEMENT CLAIM IS VALID**

The proper standard by which this Court determines a breach of the Settlement Agreement is "proof by a preponderance of the evidence," not clear and convincing evidence, of "*prima facie* infringement."  *In Re Robertson Class Plaintiffs*, 479 F.Supp. 657, 670 (S.D.N.Y. 1979); *In Re Marketxt Holdings Corp.*, 336 B.R. 39 (S.D.N.Y. 2006) (holding that "an action for a breach of a settlement agreement requires only proof by a preponderance of the evidence . . . .").

To establish a *prima facie* case for copyright infringement, two elements are required: (1) "ownership of a valid copyright" and (2) "the copying of constituent elements of the work that are original." *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir. 1997).   Urban Outfitters easily meets both prongs.  A certificate of copyright registration is *prima facie* evidence of ownership in a valid copyright.  *See id.* at 104.  Urban Outfitters has obtained Certificates of Registration from the U.S. Copyright Office.  *See* Hew Reply Decl. at ¶ 9.  Moreover, as evidence of copying, in the exhibits to the 2011 complaint, it is clear that Defendants distributed and publicly displayed exact copies of the Anthropologie Bags. ██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████ █

████████████████████████████

██████████████████████ ██ ███████████████████

---

2    Defendants are mistaken in their claim that copyright registrations are required for a properly plead copyright infringement claim.  "[C]ourts have routinely considered pending applications as satisfying the registration requirement of [the Copyright Act]." *Shady Records, Inc. v. Source Enterprises, Inc.*, No. 03-944, 2004 U.S. Dist. LEXIS 26143, at *27 (S.D.N.Y. Jan. 3, 2005).  Accordingly, Urban Outfitters properly plead that it had applied to register the copyrights in the Anthropologie Bags.  *See* Hew Decl. at ¶ 5, Ex. 2 at 4.

3    Defendants attempt to distract this Court from their repeated infringement with the inflammatory accusation that Urban Outfitters is a "serial infringer."  This unfounded
(Continued…)

9

██████████████████████████████████████████████ This is irrelevant because "[a]s a matter of law, 'innocent infringement' . . . does not absolve a defendant of liability for copyright infringement." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. N.Y. 1995). Accordingly, Urban Outfitters has demonstrated a valid *prima facie* claim regarding the copyright infringement of its Anthropology Bags and Defendants have offered no evidence to rebut this claim.

Should the Court decide that more than a *prima facie* case of infringement is required in order to enter the Consent Judgment, Urban Outfitters requests that the Court rule on the issue of whether the Settlement Agreement encompasses Defendants' infringement of Plaintiff's intellectual property rights in the Anthropologie Bags and stay Urban Outfitters' motion to enter consent judgment until a final ruling on Defendants' infringement.

## CONCLUSION

Accordingly, Urban Outfitters respectfully requests that the Consent Judgment be entered in this action.

Dated:  New York, N.Y.
        October 21, 2011

                                        DUANE MORRIS LLP

                                        By: /s/ Vanessa Hew
                                            Gregory P. Gulia
                                            Vanessa C. Hew

---

(Continued...)

> accusation is wholly irrelevant for the purposes of these reply papers, and is clearly intended to prejudice the Court against Urban Outfitters.

R. Terry Parker
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify on this 21st day of October 2011 that I cause the foregoing to be served by United States mail on all counsel of record.

s/ R. Terry Parker